IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **MILES J. JULISON**, <br><br>  Defendant. | Case No. 3:11-cr-00378-SI <br><br> **OPINION AND ORDER ON THE GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE HEARSAY STATEMENTS OF TERESA MARTY** |

S. Amanda Marshall, United States Attorney, District of Oregon, and Seth D. Uram and Ryan W. Bounds, Assistant United States Attorneys, 1000 S.W. Third Avenue, Suite 600, Portland, Oregon 97204-2902. Attorneys for Plaintiff.

Patrick J. Ehlers, Federal Public Defender's Office, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Attorney for Defendant.

**Michael H. Simon, District Judge.**

In this criminal case, Defendant Miles J. Julison is charged with two counts of making false claims against the United States, in violation of 18 U.S.C. § 287. Trial is scheduled to begin on August 5, 2013. The first count relates to Defendant's tax return filed for the year 2007. This

tax return was filed by tax preparer Teresa Marty. Defendant asserts a defense of good faith reliance on a tax preparer. Defendant's counsel and an investigator, Mitzi Miller, interviewed Ms. Marty on two occasions in February and March 2013, and Defendant intended to call Ms. Marty as a witness for the defense at trial. On June 20, 2013, Ms. Marty was indicted on one count of conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286, and 33 counts of filing false claims against the United States, in violation of 18 U.S.C. § 287. Because of the criminal charges pending against her, the parties agree that Ms. Marty intends to assert her Fifth Amendment privilege if called as a witness in Mr. Julison's trial. Defendant seeks to call investigator Miller to testify as to what Ms. Marty told Ms. Miller during the interviews. The government filed a *motion in limine* to exclude all testimony of the hearsay statements of Ms. Marty. Dkt. 179. For the reasons discussed below, the government's motion is granted in part and denied in part.

## STANDARDS

Federal Rule of Evidence 804(b)(3) is an exception to the hearsay rule that provides for the admissibility of otherwise inadmissible hearsay statements when the proponent shows that: "'(1) the declarant is unavailable as a witness; (2) the statement so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he [or she] believes it to be true; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.'" *United States v. Shryock*, 342 F.3d 948, 981 (9th Cir. 2003) (quoting *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997)). A declarant who intends to assert the Fifth Amendment is considered unavailable for purposes of this Rule. *See* Fed. R. Evid. 804(a)(1); *Whelchel v. Washington*, 232 F.3d 1197, 1204 (9th Cir. 2000).

The requirement of Rule 804(b)(3) that a statement be "against interest" does not require a confession of criminal responsibility, but can be satisfied by "remarks that 'tend to subject' the declarant to criminal liability." *United States v. Fowlie*, 24 F.3d 1059, 1068 (9th Cir. 1994); *see also Paguio*, 114 F.3d at 933 ("The word 'tending' broadens the phrase, so that the statement need not be a plain confession making the difference between guilty and not guilty."); *United States v. Satterfield*, 572 F.2d 687, 691 (9th Cir. 1978) ("If Congress had wanted courts to take a restrictive approach to whether a statement is against penal interest, it would not have chosen 'the broadly worded phrase 'tended to subject' in Rule 804(b)(3).'" (quoting *United States v. Benveniste*, 564 F.2d 335, 341 (9th Cir. 1977))). In addition, in considering whether a statement is against the penal interest of the declarant, the focus is on a "reasonable person in the declarant's position," not the declarant him or herself. Fed. R. Evid. 803(b)(3)(A); *see also United States v. Magana-Olvera*, 917 F.2d 401, 407 (9th Cir. 1990); *Satterfield*, 572 F.2d at 691 n.1. Further, a court must view the statement in light of all the surrounding circumstances because a statement that is on its face neutral may actually be against the declarant's interest when considered in context. *See Williamson v. United States*, 512 U.S. 594, 603 (1994).

This hearsay exception is applied "in light of constitutional concerns regarding the exclusion of exculpatory evidence." *Sanders v. Ratelle*, 21 F.3d 1446, 1458 (9th Cir. 1994). Courts may not impede a defendant's right to put on a defense by imposing "mechanistic" or "arbitrary" rules of evidence to exclude exculpatory evidence. *Cf. LaGrand v. Stewart*, 133 F.3d 1253, 1266-67 (9th Cir. 1998) (discussing that states may not impose such rules). "Few rights are more fundamental than that of an accused to present witnesses in his [or her] own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). In exercising this right, however, a defendant must comply with the "established rules of procedure and evidence designed to assure

both fairness and reliability in the ascertainment of guilt and innocence." *Id*. But where a statement substantially implicates the declarant's penal interest, "the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Id*.

## DISCUSSION

### A. Availability of Ms. Marty

The government concedes that Ms. Marty is unavailable, so this requirement is met.

### B. Against Penal Interest

Defendant argues that all of the statements by Ms. Marty should be admitted as against penal interest. At oral argument, Defendant offered several specific statements that Defendant asserts are against Ms. Marty's penal interest, should the Court not find all of Ms. Marty's testimony admissible.

The government responds that Ms. Marty's statements are not against her penal interest because she did not believe that she had engaged in wrongdoing, which is evidenced by some of her comments, such as that she believed at the time she filed Mr. Julison's 2007 tax return that she was not doing anything wrong. Statements against penal interest often include both exculpatory and inculpatory comments. *Cf. Williamson*, 512 U.S. at 599-600 (discussing in the context of a confession that it is not uncommon for a declarant to include both inculpatory and exculpatory comments in a single statement). The presence of some exculpatory comments, however, does not render the entire statement inadmissible—the inculpatory parts may be admissible and the exculpatory parts may be excluded. *See Williamson*, 512 U.S. at 599-601; *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). Further, the fact that Ms. Marty stated that at the time she filed Mr. Julison's tax return she did not think it was wrong does not resolve the critical Rule 803(b)(3) question, which is whether, at the time she made the statements to Ms. Miller, a reasonable person in Ms. Marty's position would believe that those

PAGE 4 – OPINION AND ORDER

comments would tend to subject the declarant to criminal liability. *See* Fed. R. Evid. 804(b)(3)(A); *Magana-Olvera*, 917 F.2d at 407; *Satterfield*, 572 F.2d at 691 n.1.

The Court has reviewed the interview summaries prepared by Ms. Miller describing the interviews with Ms. Marty. Dkts. 193-1 and 193-2. The Court considers Ms. Marty's statements in light of the "constitutional concerns regarding the exclusion of exculpatory evidence." *Sanders*, 21 F.3d at 1458. The Court also considers all of the circumstances at the time Ms. Marty made her statements, including that her office recently had been searched pursuant to a federal warrant, her bank accounts had been seized by federal authorities, her business had been shut down and her tax license suspended, she feared that she would be prosecuted, some of her clients already had been indicted, and some of her clients already had their assets seized by the IRS. Further, at the time she made her statements to Ms. Miller, Ms. Marty commented on more than one occasion that if she had it to do over again she would not use the Form 1099-OID scheme and that she would "run the other way." Thus, although Ms. Marty may not have believed at the time she filed Mr. Julison's 2007 tax return that she was engaged in conduct that might subject her to criminal liability, by the time she made the statements to Ms. Miller, it appears that Ms. Marty understood that she may be subjected to criminal liability for the conduct she was describing.

The Court concludes that most of the specific comments made by Ms. Marty are either not self-inculpatory and thus not subject to the hearsay exception provided by Rule 803(b)(3) or are not related to Mr. Julison or his tax return and are therefore irrelevant. A few specific comments by Ms. Marty, however, would "tend to subject" a tax-preparer in Ms. Marty's position to criminal liability. These statements are:

1. Marty said that the first successful [refund] received using a 1099 OID form was a paper tax return submitted for a client named

PAGE 5 – OPINION AND ORDER

    [M\_\_\_ J\_\_\_]. Marty said that [J\_\_\_\_] received a $75,000 refund. Marty said that the second successful [refund] received using a 1099 OID form was the electronically-filed tax return for Miles Julison.

2.  Marty was shown the email between her and Julison where Julison was asking whether student loans could be used on a 1099-OID form. Marty said that she advised Julison that yes, the loans are appropriate for the 1099-OID because they are debt.

3.  Marty reviewed Julison's 2007 1040 form and the corresponding 1099-OID forms that were filed. Marty confirmed that the "other" income that was reported was from the 1099-OID forms. Marty also confirmed that the 1099-OID forms reported mortgage, credit and car loan debt. Marty said that the income "takes on a whole different meaning" when it is reported using the 1099-OID forms. Marty confirmed that the 1099-OID forms reported Julison's debt.

4.  Marty explained that the 1099-OID forms are filed separately from the 1040 form, along with a 1096 form. Marty said that the 1099-OID forms are sent to a different location than the 1040 forms. Marty said that the 1099-OID forms are sent into the IRS at least a couple of weeks prior to filing the 1040 forms. Marty explained that the 1099-OID forms need to be on file with the IRS in a taxpayer's account before they will accept filing of the 1040 forms.

5.  Marty said that prior to filing the 1099-OID forms, they needed to obtain information from Julison for the tax year, including the value of debt, the entity that holds the debt, and the EIN number for the debt holder. Marty said that they would manually put in the information onto the 1099-OID forms on behalf of the financial institutions according to the customer's information.

Gov. Suppl. Br., Ex. 2. Dkt. 193-2.

  Considering the "broadly worded" phrasing of "tended to subject" used in Federal Rule of Evidence Rule 804(b)(3), the statements identified above would tend to subject a tax preparer in Ms. Marty's circumstances to criminal liability, and a reasonable person in Ms. Marty's position would recognize that risk. *See Satterfield*, 572 F.2d at 691 (finding that statements that would only be self-inculpatory if the defendant's conviction were reversed and the statements

could be used during a retrial, even though the chance of a reversal and retrial was uncertain, qualified as against penal interest because of the broad language used in the rule).

**C. Corroborating Circumstances**

When out-of-court statements are offered under Rule 804(b)(3) to exculpate the defendant, additional corroborating circumstances are required. Fed. R. Evid. 804(b)(3)(B). Here, there are circumstances that corroborate Ms. Marty's statements that the Court has found to be self-inculpatory, including: (1) emails between Ms. Marty and Mr. Julison in which Ms. Marty advises Mr. Julison that student loan debt is appropriate to include in a 1099-OID form; (2) the 2007 tax return, showing that Ms. Marty filed it on behalf of Mr. Julison; (3) proffered testimony by Mr. Birch, another individual being prosecuted for using Form 1099-OID to claim debt as income, that Ms. Marty marketed her services to file tax returns using the Form 1099-OID scheme; (4) brochures of Ms. Marty's describing her Enrolled Agent status as creating a specialization in taxation; and (5) the circumstances in which Ms. Marty was in at the time of her statements—that she and her clients were being criminally investigated (and some clients already indicted) and her self-inculpatory statements could potentially be used against her in a prosecution, which she feared was imminent.

Accordingly, Ms. Marty's narrow and specific comments that the Court identified above as tending to subject her to criminal liability are subject to the hearsay exception for statements against penal interest under Rule 804(b)(3) and Ms. Miller may testify as to those statements.[1]

---

[1] Ms. Marty's statements about her qualifications, background, and the fact that she prepared Mr. Julison's taxes would not tend to subject her to criminal liability and are therefore not subject to Rule 804(b)(3)'s hearsay exception. The parties may, however, confer regarding a stipulation describing Ms. Marty's background and role as Mr. Julison's tax preparer so that the jury will understand and receive appropriate context for Ms. Miller's admissible testimony as to what Ms. Marty said.

PAGE 7 – OPINION AND ORDER

## CONCLUSION

The government's *Motion in Limine* to Exclude Hearsay Statements of Teresa Marty (Dkt. 179) is GRANTED IN PART and DENIED IN PART. The hearsay statements of Ms. Marty are excluded, with the exception of the specific statements identified in this Opinion and Order as against Ms. Marty's penal interest.

**IT IS SO ORDERED**.

DATED this 29th day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge