# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**MILES J. JULISON,**

Defendant.

Case No. 3:11-cr-00378-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

On August 9, 2013, Defendant, Miles J. Julison, was found guilty by a jury of two counts of making false claims on his federal tax returns, and the Court scheduled sentencing for November 20, 2013. Dkt. 221. On October 1, 2013, Defendant, acting *pro se*, filed a motion to remove his court-appointed attorney from any further representation of Defendant. Dkts. 231 and 232. Defendant states that "the attorney client relationship can no longer exist between Miles Joseph [Julison] or [*sic*] Patrick J. Ehlers of [the] Federal Public Defender's Office" and that Mr. Ehlers did not "defend [Julison] zealously and refused to let his voice be heard." Dkt. 232.

On several occasions, this Court offered Defendant the opportunity: (1) to be represented by any retained counsel of his choosing provided that such counsel was a member in good standing in any recognized bar of any State; or (2) to represent himself *pro se* provided that Defendant engage in a colloquy with the Court and demonstrate that Defendant knowingly, voluntarily, and unequivocally waives his constitutional right to counsel. *See Faretta v. California*, 422 U.S. 806 (1975). Defendant did neither. *See, e.g.*, Dkts. 20, 152, 156.

In response to Defendant's *pro se* request to remove his court-appointed attorney before sentencing, the Court will afford Defendant three choices. First, if Defendant retains counsel who is a member in good standing in any recognized bar of any State, the Court will allow that counsel to represent Defendant at sentencing. Second, if Defendant unequivocally requests the Court to appoint another attorney from the District of Oregon's Criminal Justice Act Panel for purposes of sentencing, the Court will do so. Third, and finally, if Defendant would prefer to represent himself *pro se* at sentencing, the Court will allow that provided that Defendant engage in a colloquy with the Court and demonstrate that Defendant knowingly, voluntarily, and unequivocally waives his constitutional right to counsel. As part of that colloquy, the Court will inform Defendant of the importance of understanding, or being advised by someone with an understanding of, the U.S. advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553, among other things, and how they may apply in Defendant's case.

If Defendant requests and satisfies any of these alternatives, the Court will respect Defendant's choice. Otherwise, the Court will not remove Defendant's court-appointed attorney until after sentencing. The Court further advises Defendant that even if the Court denies Defendant's motion to remove court-appointed counsel, Defendant still will be afforded his right of allocution (*i.e.* his right to speak for himself) at the time of sentencing, and the Court will fully consider any statement that Defendant may choose to make on his own behalf.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

/s/ Michael H. Simon_____
Michael H. Simon
United States District Judge